NOAH G. BLECHMAN (State Bar No. 197167)
Noah.Blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone:    (925) 939-5330
Facsimile:    (925) 939-0203

Attorneys for Defendants
County of Mendocino; Sgt. Samuel Logan; Deputy
Jesus Lopez; and Sheriff Matt Kendall

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.B., C.L.B., and B.B, minors by and through their Guardian ad litem Adrienne Bakewell, as successors in interest to Nicholas Bakewell, decedent; and Carolynn Bakewell, mother of decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Mendocino; Sergeant Samuel Logan, an individual; Deputy Jesus Lopez, an individual; City of Willits; Officer Damian Angell, an individual; Officer John Gale, an individual; Officer Donovan Shively, an individual; Sheriff Matt Kendall; Chief Brian Fay; Chief Michael Parish, and DOES1-100, inclusive,<br><br>Defendants. | Case No. 3:26-cv-01016 WHO<br><br>**COUNTY DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES** |

Defendants COUNTY OF MENDOCINO, SGT. SAMUEL LOGAN, DEPUTY JESUS LOPEZ, and SHERIFF MATT KENDALL ("Defendants") respond as follows to Plaintiffs' Complaint for Damages ("Complaint"). Defendants demand a jury trial in this action.

1.       Defendants neither admit nor deny the allegations in Paragraphs 1-12 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

//

//

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**JURISDICTION**

2. Defendants neither admit nor deny the allegations in Paragraph 13 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial, though Defendants admit that jurisdiction in this Court is proper at this time, as alleged in Paragraph 13.

3. Defendants admit that venue in this court appears proper as the alleged incident occurred in the County of Mendocino within the Northern District of California but deny the remaining allegations and contentions in Paragraph 14.

**PARTIES**

4. Defendants neither admit nor deny the allegations in Paragraph 15 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

5. Defendants neither admit nor deny the allegations in Paragraph 16 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

6. Defendants neither admit nor deny the allegations in Paragraph 17 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

7. Defendants neither admit nor deny the allegations in Paragraph 18 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

8. Defendants neither admit nor deny the allegations in Paragraph 19 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

9. Defendants admit COUNTY OF MENDOCINO is a municipal public entity, as alleged in Paragraph 20. Defendants further admit that SHERIFF MATT KENDALL, SAMUEL LOGAN, and JESUS LOPEZ were employed with COUNTY OF MENDOCINO on June 5, 2025, at the time of the alleged incident. Defendants neither admit nor deny the

remaining allegations in Paragraph 20 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

10.    Defendants neither admit nor deny the allegations in Paragraph 21 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial, though admit that Defendants SAMUEL LOGAN, and JESUS LOPEZ were employed with COUNTY OF MENDOCINO on June 5, 2025, at the time of the alleged incident.

11.    Defendants neither admit nor deny the allegations in Paragraph 22 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial, though admit that Defendants SAMUEL LOGAN, and JESUS LOPEZ were employed with COUNTY OF MENDOCINO on June 5, 2025, at the time of the alleged incident.

12.    Defendants neither admit nor deny the allegations in Paragraph 23 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

13.    Defendants neither admit nor deny the allegations in Paragraph 24 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

14.    Defendants neither admit nor deny the allegations in Paragraph 25 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

15.    Defendants neither admit nor deny the allegations in Paragraph 26 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

16.    Defendants neither admit nor deny the allegations in Paragraph 27 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

3

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

17. Defendants neither admit nor deny the allegations in Paragraph 28 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

18. Defendants neither admit nor deny the allegations in Paragraph 29 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

19. Defendants neither admit nor deny the allegations in Paragraph 30 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

20. Defendants neither admit nor deny the allegations in Paragraph 31 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

21. Defendants neither admit nor deny the allegations in Paragraph 32 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

22. Defendants neither admit nor deny the allegations in Paragraph 33 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

23. Defendants neither admit nor deny the allegations in Paragraph 34 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

24. Defendants neither admit nor deny the allegations in Paragraph 35 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

25. Defendants neither admit nor deny the allegations in Paragraph 36 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

4

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

26.    Defendants neither admit nor deny the allegations in Paragraph 37 of Plaintiffs' Complaint because it includes contentions and legal matters not proper for admission or denial.

<b><u>FACTS COMMON TO ALL CAUSES OF ACTION</u></b>

27.    In answering the allegations in Paragraphs 38-50, Defendants respond as follows: On June 5, 2025, at approximately 7:00 p.m., Mendocino County deputies were dispatched to the 1000 block of Hearst Willits Road in Willits, California, Mendocino County, due to a report of a male hitchhiker who may have gotten into a physical altercation with a driver and then was walking in the area.

28.    When deputies arrived in the area, a subject matching the description from the call for service, later determined to be Nicholas Bakewell ("Bakewell"), was walking in the middle of the roadway and then began to aggressively approach a deputy. Deputies tried to de-escalate the situation by speaking calmly to Bakewell, but Bakewell did not comply with commands and then aggressively approached a deputy and erratically threw himself in the bushes along the roadway. Bakewell continued to fail to respond to less lethal force options and comply with commands, and then violently committed an assault/battery towards a deputy when he was contacted to be handcuffed and violently overcame the deputy from being handcuffed (only one handcuff could be placed on his wrist). Other less lethal force options were ineffective, as well as further commands were disregarded by Bakewell. After additional law enforcement officers arrived, including from Willits, officers were finally able to overpower Bakewell and get him under control and in handcuffs. Even in handcuffs on the ground, Bakewell tried to kick at officers.

29.    After his arrest, law enforcement officers monitored Bakewell as he calmed down and within a short amount of time, officers noticed that Bakewell was no longer responding to officers and appeared to be experiencing a medical issue. Medical personnel were immediately called to the scene as officers started to evaluate Bakewell's condition, including providing Narcan to try to reverse an overdose, but Bakewell was not responsive. Emergency efforts were provided by officers until emergency medical services arrived and continued with his care. Unfortunately, Bakewell could not be revived and died at the scene. His toxicology screening showed that he was

5

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

under the influence of methamphetamine, amphetamine, GHB, and psilocybin, and perhaps other substances, at the time of this incident.

30. Except as expressly admitted, Defendant denies the remaining allegations in Paragraphs 38 through 50 of Plaintiffs' Complaint. Additionally, Defendants do not have all the information available since this matter is being investigated, as is customary, by the District Attorney's Office so counsel for Defendants do not have all investigatory reports to review for this answer and reserves the right to amend or supplement this answer.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

**(On Behalf of Plaintiffs A.J.B., C.L.B., and B.B Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)**

31. In answering paragraphs 51 through 64, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

32. Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 51 through 64 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

**Deprivation of Life Without Due Process-(42 U.S.C. § 1983)**

**(On Behalf of all Plaintiffs Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)**

33. In answering paragraphs 65 through 77, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

34. Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 65 through 77 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

**Interference with Parent-Child Relationship-(42 U.S.C. § 1983)**

**(On Behalf of all Plaintiffs Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)**

6

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

35.     In answering paragraphs 51 through 61 (as numbered in Plaintiffs' Complaint), Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

36.     Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 51 through 61 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

**Municipal Liability — Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)**

**(Against COUNTY OF MENDOCINO, SHERIFF MATT KENDALL, JESUS LOPEZ, SAMUEL LOGAN, CITY OF WILLITS, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, OFFICER DAMIAN ANGELL, OFFICER JOHN˙ GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

37.     In answering paragraphs 62 through 88, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

38.     Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 62 through 88 of Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION

**Municipal Liability — Failure to Train (42 U.S.C. § 1983)**

**(Against COUNTY OF MENDOCINO, SHERIFF MATT KENDALL, JESUS LOPEZ, SAMUEL LOGAN, CITY OF WILLITS, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

39.     In answering paragraphs 89 through 101, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

40.     Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 89 through 101 of Plaintiffs' Complaint.

## SIXTH CAUSE OF ACTION

**Municipal Liability — Ratification (42 U.S.C. § 1983)**

**(Against COUNTY OF MENDOCINO, SHERIFF MATT KENDALL, CITY OF WILLITS, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, and DOES 1-100)**

7

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

41.    In answering paragraphs 102 through 115, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

42.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 102 through 115 of Plaintiffs' Complaint.

### SEVENTH CAUSE OF ACTION

**Failure to Summon Medical Care, Fourth Amendment Violation (Survival Action 42 U.S.C. § 1983)**

**(Against JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

43.    In answering paragraphs 116 through 122, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

44.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 116 through 122 of Plaintiffs' Complaint.

### EIGHTH CAUSE OF ACTION

**Wrongful Death (Cal. Civ. Proc. Code § 377.60)**

**(Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

45.    In answering paragraphs 123 through 130, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

46.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 123 through 130 of Plaintiffs' Complaint.

### NINTH CAUSE OF ACTION

**Assault and Battery**

**(On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

47.    In answering paragraphs 131 through 138, Defendants incorporate by reference their

8

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

48.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 131 through 138 of Plaintiffs' Complaint.

## TENTH CAUSE OF ACTION

### Negligence

**(On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

49.    In answering paragraphs 139 through 146, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

50.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 139 through 146 of Plaintiffs' Complaint.

## ELEVENTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 52.1)

**(On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

51.    In answering paragraphs 147 through 154, Defendants incorporate by reference their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

52.    Except as to matters previously admitted, Defendants deny the remaining allegations in paragraphs 147 through 154 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

53.    Defendants neither admit nor deny the allegations in the "PRAYER FOR RELIEF" portion of Plaintiffs' Complaint, which includes six subparts, as they include contentions and legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1.    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' Complaint fails to state cognizable legal theories and/or facts sufficient to

9

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

constitute cognizable legal theories against Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in Decedent's actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiffs' Complaint, Plaintiffs and/or Decedent failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs and/or Decedent could have been mitigated by due diligence on their part and/or Decedent's part or by one acting under similar circumstances. Plaintiffs and/or Decedent's failure to mitigate is a bar or limit to their recovery under their Complaint.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs and/or Decedent was the negligence and fault of the Decedent and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Decedent and/or others in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Decedent or others requires that any damages awarded to Plaintiffs and/or Decedent shall be diminished in proportion to the amount of fault attached to the Plaintiffs, Decedent and/or others.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs

10

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

and/or Decedent as a result of the acts or omissions complained of herein.

7.      AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

8.      AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9.      AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, all actions taken by the Defendants (and/or any other officers named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

10.     AS AND FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11.     AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants (and/or any other officers named herein at any time), was/were based upon the officers' reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Decedent and/or take Decedent into custody for a 5150 hold and the Defendants used reasonable force to effect the detention and/or arrest, to prevent the escape and overcome the resistance of the Decedent, and for the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12.     AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

13.     AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiffs alleges or asserts matters not contained in a legally

11

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14.    AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiffs, if committed by the Defendants, were consented to by Decedent and/or Plaintiffs.

15.    AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest and/or custody of Decedent.

16.    AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17.    AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs, some or all, have no standing to bring this civil action and/or some of the claims alleged in this action.

18.    AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19.    AS AND FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the Complaint.

20.    AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Decedent, himself, was violent, combative, threatening, and/or resistive towards the Defendant officers and the Defendant officers, acted lawfully and/or in self-defense in relation to any claimed use of force.

21.    AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and other sources of

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

12

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

information, in taking the action against Decedent, making their conduct reasonable and lawful under the circumstances.

22.    AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

23.    AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there are no lawful grounds for declaratory and/or injunctive relief.

24.    AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants and/or its employees is/are not liable for an injury resulting from an action or omission where the act or omission was the result of the exercise of vested discretion.

25.    AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that any harm which came to Plaintiff/Decedent, which is expressly denied, was a direct and proximate result of omissions or actions of Plaintiff/Decedent and/or others and/or the violation of law of Plaintiff/Decedent and/or others.

26.    AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter.  Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

27.    AS AND FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Complaint fails to state a viable claim under the doctrine announced in *Monell v. Dep't of Soc. Servs,* 436 U.S. 658 (1978).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1.    That Plaintiffs take nothing by way of their Complaint herein;

2.    For costs of suit;

3.    For attorney's fees;

13

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

4.     For such further relief as this Court may deem just and proper.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: April 7, 2026                    MCNAMARA, AMBACHER, WHEELER,
                                        HIRSIG & GRAY LLP


                                        By:  ___/s/ Noah G. Blechman_____
                                             Noah G. Blechman
                                             John J. Swafford
                                             Attorneys for Defendants
                                             County of Mendocino; Sgt. Samuel Logan; Deputy
                                             Jesus Lopez; and Sheriff Matt Kendall

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

14

COUNTY DEFENDANTS' ANSWER TO
COMPLAINT FOR DAMAGES - 3:26-cv-01016 WHO