Neama Rahmani, Esq. (State Bar No. 223819)
Houman Sayaghi, Esq. (State Bar No. 313695)
**WEST COAST TRIAL LAWYERS, APLC**
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
filings@westcoasttriallawyers.com

Kaveh Navab, Esq. (State Bar No. 280235)
Audrey E. Valli, Esq. (State Bar No. 360411)
**NAVAB LAW, APC**
4052 Del Rey Ave, Unit 102
Marina Del Rey, California 90292
Telephone: 310.826.1002
navablaw@gmail.com

Attorneys for Plaintiffs

## UNITED STATED DISTRCIT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.B., C.L.B., and B.B, minors by and through their Guardian ad litem Adrienne Bakewell, as successors in interest to Nicholas Bakewell, decedent; and Carolynn Bakewell, mother of decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Mendocino; Sergeant Samuel Logan, and individual; Deputy Jesus Lopez, an individual; City of Willits; Officer Damian Angell, an individual; Officer John Gale, an individual; Officer Donovan Shively, an individual; Sheriff Matt Kendall; Chief Brian Fay; Chief Michael Parish, and DOES1-100, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-01016-WHO<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983)<br>2. Deprivation of Life Without Due Process (42 U.S.C. § 1983)<br>3. Interference with Parent-Child Relationship (42 U.S.C. §1983)<br>4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability – Failure to Train (42 U.S.C. § 1983)<br>6. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>7. Failure to Summon Medical Care, Fourth Amendment Violation (42 U.S.C. § 1983)<br>8. Wrongful Death (Cal. Civ. Proc. Code § 377.60)<br>9. Assault and Battery<br>10. Negligence<br>11. Violation of Bane Civil Rights Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs A.J.B., C.L.B., and B.B the minor children of the deceased, NICHOLAS BAKEWELL, CAROLYN BAKEWELL, the mother of deceased, NICHOLAS BAKEWELL, upon information and belief allege as follows:

1.     This is a civil rights action seeking monetary damages against Defendants COUNTY OF MENDOCINO, SHERIFF MATT KENDALL, JESUS LOPEZ, SAMUEL LOGAN, CITY OF WILLITS, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100, (Hereinafter Collectively "Defendants") stemming from an excessive use of force that led to the death of NICHOLAS BAKEWELL on June 5, 2025.

2.     NICHOLAS BAKEWELL was only thirty-six (36) years old at the time of his death. He was the father of three (3) young children, as well as a beloved son and brother. To his loved ones and friends, NICHOLAS BAKEWELL was known as kind, respectful, and loving member of his family and community. He was a dedicated father and was always ready to lend a helping hand to anyone in need. NICHOLAS BAKEWELL was a present father and devoted son who took immense joy in caring for and spending time with his family.



3.     DEFENDANT SHERIFF MATT KENDALL ("SHERIFF KENDALL") has failed to impose adequate discipline and training on his deputies who committed killings, or who committed other types of excessive force, creating a culture of impunity within the COUNTY OF MENDOCINO Sheriff's Department that encourages such violence and incidents of unreasonable force against the public.

4. DEFENDANT COUNTY OF MENDOCINO ("COUNTY") by summarily rejecting Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL's claims for damages, has proved unwilling to accept responsibility for the wrongs committed by its Deputies.

5. DEFENDANT CHIEF BRIAN FAY ("CHIEF FAY") has failed to impose adequate discipline and training on his officers who committed killings, or who committed other types of excessive force, creating a culture of impunity within the CITY OF WILLITS POLICE DEPARTMENT that encourages such violence and incidents of unreasonable force against the public.

6. DEFENDANT CHIEF MICHAEL PARISH ("CHIEF PARISH") has failed to impose adequate discipline and training on his officers who committed killings, or who committed other types of excessive force, creating a culture of impunity within the CITY OF WILLITS POLICE DEPARTMENT that encourages such violence and incidents of unreasonable force against the public.

7. DEFENDANT CITY OF WILLITS ("CITY") by summarily rejecting Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL's claim for damages, has proved unwilling to accept responsibility for the wrongs committed by its officers.

8. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California State laws in connection with the unlawful killing of Nicholas Bakewell on June 5, 2025.

9. DEFENDANTS COUNTY Sheriff's Department deputies JESUS LOPEZ, SAMUEL LOGAN, and CITY Police officers DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100 directly and proximately caused Mr. Bakewell's and the Plaintiffs' injuries by integrally participating or failing to intervene in the excessive force, and by engaging in other acts/ or omissions around the time of the use of force that resulted in Mr. Bakewell's death, including, using unreasonable force against him.

10.    Tragically, the actions of the Defendants deprived NICHOLAS BAKEWELL of the privilege of watching his children grow and being present to guide and nurture them into adulthood. NICHOLAS BAKEWELL's absence is deeply felt, and he will be profoundly missed by all whose lives he touched.

11.    DEFENDANT COUNTY, DEFENDANT CITY, SHERIFF MATT KENDALL, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH and DOES 1-100 also proximately caused Mr. Bakewell's and Plaintiffs' injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

12.    The policies and customs behind uses of excessive force against civilians such as Mr. Bakewell's are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the killing of Mr. Bakewell and to challenge the CITY's and the COUNTY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

### JURISDICTION

13.    Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

14.    The incidents complained of occurred in Willits, California in the County of Mendocino. On June 5, 2025, at approximately 7:00 p.m., Nicholas Bakewell ("DECEDENT" or "Mr. Bakewell") was tased, sprayed with Oleoresin Capsicum spray and/or another chemical agent, battered, assaulted and had unreasonable and excessive force used against him which ultimately killed by DEFENDANTS JESUS LOPEZ, SAMUEL LOGAN of the Mendocino County Sheriff's Department, DAMIAN ANGELL,

JOHN GALE, and DONOVAN SHIVLEY of the City of Willits Police Department, and by DOES 1-100. In addition to the use of unreasonable force against Nicholas Bakewell, when Defendants JESUS LOPEZ, SAMUEL LOGAN, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY detained Nicholas Bakewell, they placed him in such a position with excessive and unreasonable body weight which subjected him to positional and compressional asphyxia.

**PARTIES**

15. At all times herein mentioned, Plaintiff, A.J.B., the minor child of the deceased, is a resident of the County of Mendocino in the State of California.

16. At all times herein mentioned, Plaintiff, C.L.B., the minor child of the deceased, is a resident of the County of Mendocino in the State of California.

17. At all times herein mentioned, Plaintiff, B.B., the minor child of the deceased, is a resident of the County of Mendocino in the State of California.

18. At all times herein mentioned, Plaintiff CAROLYN BAKEWELL, the mother of deceased, is a resident of the County of Mendocino in the State of California. Plaintiff CAROLYN BAKEWELL suffered the loss of her son's love and companionship and regularly relied upon Mr. Bakewell to provide assistance to her in her and around her home and in the performance of maintenance and repairs that she is unable to complete herself.

19. At all times herein mentioned decedent, Nicholas Bakewell, was a resident of the County of Mendocino, in the State of California.

20. Defendant County of Mendocino (hereinafter referred to as "COUNTY") is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California. At all relevant times, COUNTY was the employer of DEFENDANT SHERIFF MATT KENDALL, SAMUEL LOGAN, JESUS LOPEZ, and DOES 1-50, who were either COUNTY deputies, or managerial, supervisorial, and policymaking elected and non-elected employees and officials of the COUNTY sheriff department are sued in their individual capacity for damages only.

21. At all relevant times, DEFENDANTS SAMUEL LOGAN and JESUS LOPEZ were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as COUNTY sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY and SHERIFF KENDALL.

22. At all relevant times, DEFENDANTS SAMUEL LOGAN, JESUS LOPEZ, and DOES 1-30 were duly appointed COUNTY deputies and/or employees or agents of the COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

23. At all relevant times, DEFENDANTS DOES 31-50 ("County Supervisor DOES"), are managerial, supervisorial, or policymaking employees of the COUNTY who were acting under color of law and within the course and scope of their duties as elected and non-elected officials for COUNTY. DOES 31-50, inclusive, were acting with the complete authority of their principal, Defendant COUNTY.

24. In doing the acts and failing and omitting to act as hereinafter described, SAMUEL LOGAN, JESUS LOPEZ, and DOES 1-50 were acting on the implied and actual permission and consent of COUNTY.

25. DEFENDANTS SAMUEL LOGAN and JESUS LOPEZ were, at all relevant times, the deputies that fatally tased and assaulted Mr. Bakewell while employed by the County of Mendocino. Based on information and belief, DEFENDANTS SAMUEL LOGAN and JESUS LOPEZ were present when Mr. Bakewell was tased, assaulted, and killed but failed to intervene and stop the unjustified use of deadly force. DOES 1-50 were each duly appointed, qualified and acting ranking officers, officials and employees of the Mendocino County Sheriff's Department and DEFENDANT COUNTY, also charged by law with the supervision, management, control, operation, and administration of the Mendocino Sheriff Department and COUNTY. Each Defendant was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each other Defendant.

26.    Defendant City of Willits (hereinafter referred to as "CITY") is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California. At all relevant times, CITY was the employer of DEFENDANT CHIEF FAY, CHIEF MICHAEL PARISH, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100, who were either CITY police officers, or managerial, supervisorial, and policymaking elected and non-elected employees and officials of the CITY or police department and are sued in their individual capacity for damages only.

27.    At all relevant times, DEFENDANTS DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as CITY police officers and with the complete authority and ratification of their principal, Defendant CITY, CHIEF FAY, and/or CHIEF PARISH.

28.    At all relevant times, DEFENDANTS DOES 51-80 were duly appointed CITY police officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

29.    At all relevant times, DEFENDANTS DOES 81-100 (City Supervisor DOES"), are managerial, supervisorial, or policymaking employees of the CITY who were acting under color of law and within the course and scope of their duties as elected and non-elected officials for CITY. DOES 81-100, inclusive, were acting with the complete authority of their principal, Defendant CITY.

30.    In doing the acts and failing and omitting to act as hereinafter described, DOES 51-100 were acting on the implied and actual permission and consent of CITY.

31.    DEFENDANTS DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were, at all relevant times, the officers that fatally tased and assaulted Mr. Bakewell while employed by the City of Willits. Based on information and belief, DEFENDANTS DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were present when Mr. Bakewell was tased, assaulted, and killed but failed to intervene and stop the unjustified use of deadly force and positional and compressional asphyxia.  DOES 1-

100 were each duly appointed, qualified and acting ranking officers, officials and employees of the Willits Police Department and DEFENDANT CITY, also charged by law with the supervision, management, control, operation, and administration of the Willits Police Department and CITY. Each said Defendant was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each Defendant.

32.    Plaintiffs are informed and believe and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1-100, inclusive, and each of them, are not now known to Plaintiffs who therefore sue Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

33.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

34.    On July 7, 2025, Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL timely filed a timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

35.    On August 5, 2025, Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL's claims were rejected by the County of Mendocino.

36.    Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL timely filed a claim for damages with CITY pursuant to applicable sections of the California Government Code.

37.    Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL's timely claims were rejected by the City of Willits.

**FACTS COMMON TO ALL CAUSES OF ACTION**

38. On June 5, 2025, at approximately 7:00 p.m., Mr. Bakewell was involved in a disturbance with the driver of the vehicle he was traveling in, near the intersection of Bray Road and Hearst Willits Road in California, 95490.

39. Plaintiffs are informed and believe Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY responded to the scene. Rather than attempt to de-escalate the situation and assess the need to use force, the deputies immediately escalated the encounter and subjected Mr. Bakewell to excessive and unreasonable deadly force in violation of the Fourth, Fifth and Fourteenth Amendments of United States Constitution and California Constitution and state law.

40. Based on information known at this time, Mr. Bakewell was sprayed with Oleoresin Capsicum (OC) spray multiple times by Defendants SAMUEL LOGAN and JESUS LOPEZ.

41. Based on information known at this time, Mr. Bakewell was violently and forcefully pulled by his arms by Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, handcuffed, and placed on his stomach in a position and a physical manner that prevented Decedent Nicholas Bakewell from breathing.

42. On information and belief, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY knew or reasonably should have known that placing an individual in handcuffs and leaving them on their stomach for an extended period of time presents a significant risk of death. Nonetheless, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY ignored their training, placed Decedent NICHOLAS BAKEWELL in handcuffs, and left him on his stomach for an extended period of time.

43. Thereafter, upon information and belief, Defendant DAMIAN ANGELL while Decedent Nicholas Bakewell was in handcuffs, stomach down, and in a prone position, Defendant DAMIAN ANGELL placed a knee and significant body weight on the

back of and neck of Decedent Mr. Bakewell while Defendants SAMUEL LOGAN, JESUS LOPEZ, JOHN GALE, and DONOVAN SHIVLEY placed their arms and significant body weight on the back of, neck of, and throughout the body and legs of Mr. Bakewell, applying pressure, to confine him or applied other bodily pressure to Mr. Bakewell further preventing him from breathing. This pressure was applied by SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY when Mr. Bakewell was already handcuffed, subdued and not resisting. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY repeatedly instructed Mr. Bakewell to breathe, despite knowing that Mr. Bakewell was in such a prone position, handcuffed, and with such significant weight on his body that he would be unable to breathe.

44.   Subsequently, upon information and belief, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY placed further pressure on Mr. Bakewell's back and neck to constrain his body, while he was handcuffed and prone on the pavement. Mr. Bakewell could not breathe because of Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY restraints, compressions, and other bodily maneuvers. Due to this excessive use of force and positional placements from Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, Decedent Nicholas Bakewell went into cardiac arrest.

45.   Mr. Nicholas Bakewell died as a direct result of the actions and inactions of Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY. Accordingly, the physical assault and positional/compressional asphyxiation of Decedent Nicholas Bakewell was unjustified, and this use of force was unwarranted and excessive under the circumstances. Further, under the circumstances of the death in question, it was objectively unjustifiable for the officers and deputies in question to have used such deadly force and said use of force was, therefore, excessive,

and unreasonable. Defendants' actions were deliberately indifferent to Mr. Bakewell's rights and shocked the conscience as there was clear time to deliberate their conduct.

46.    Because this physical assault and asphyxiation of Mr. Bakewell was unreasonable and unjustified under the circumstances, the killing constituted a violation of Mr. Bakewell's constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and violated those civil rights secured by the Constitution and laws of the State of California.

47.    Further, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY  and other presently unknown DOE deputies and officers , who utilized force against the person of Mr. Bakewell and who were present at the scene of the eventual of death of Mr. Bakewell, and who were in a location and position of authority to prevent the physical assault and positional/compressional asphyxiation, failed to do so. Said failure was in conscious and deliberate disregard for the civil rights of Mr. Bakewell.

48.    At some point thereafter, Mr. Bakewell became unresponsive and died.

49.    Upon information and belief, no meaningful effort was made to de-escalate the encounter. At the time of the use of deadly force, the decedent was unarmed and presented no threat of harm or serious injury to the Defendant Deputies and/or Officers involved or others at the scene.

50.    On or around September 14, 2025, Mr. Bakewell's family was provided details concerning the death of Mr. Bakewell, including a copy of Mr. Bakewell's autopsy report issued by the Mendocino County Sheriff's Department. Prior to September 14, 2025, Mr. Bakewell's family was informed by Mendocino County Sheriff's Department that Mr. Bakewell's death was accidental. However, the autopsy report findings were that the cause of death was restraint-associated asphyxiation. The autopsy report's conclusion relies on a report about the dangers of restraint-associated asphyxiation provided by the Department of Justice's National Institute of Justice which states in part:

*Advisory guidelines for the care of subdued subjects are offered to minimize the potential for in-custody injury or death. The officer should remove the subject from their stomach as soon as they are handcuffed; it should be ascertain[ed] if the subject has recently used drugs or suffers from any medical condition; the subject should be monitored carefully; officers should be trained to recognize problematic breathing [...]. By being aware of the potential for positional asphyxia, law enforcement officers can minimize the risk posed to subjects involved in struggles with officers.* (Omalu, Bennet, M.D., MBA, MPH, CPE, DABP-AP, CP, FP, NP, *Autopsy Report of Nicholas Britton Dills Bakewell*, at 7 (Mendocino County Sheriff's Department, Sept. 14, 2025), relying on *Positional Asphyxia—Sudden Death*, Nat'l Inst. of Just., U.S. Dep't of Just., Office of Just. Programs (June 1, 1995).).

On information and belief, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were provided with similar guidelines and/or training to minimize the potential for in-custody death or injury caused by positional asphyxia. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY failed to follow guidelines, or failed to be properly trained on the guidelines, or chose to ignore their training and caused the death of NICHOLAS BAKEWELL.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

**(On Behalf of Plaintiffs A.J.B., C.L.B., and B.B Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)**

51.   Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.   Plaintiffs bring this cause of action against SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100 in their individual capacities.

53. Defendants Mendocino County Sheriff's Sergeant SAMUEL LOGAN and deputy JESUS LOPEZ's unjustified tasing, use of deadly force, and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position was both excessive and unreasonable under the circumstances. Defendants' unjustified killing of Mr. Bakewell deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Bakewell under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Plaintiffs, A.J.B., C.L.B., B.B., as the minor children of decedent have the right and standing to assert Mr. Bakewell's claim for his violation of his Fourth and Fourteenth Amendment rights.

54. Defendants Willits Police Department Officers DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY's unjustified tasing, use of deadly force, and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position was both excessive and unreasonable under the circumstances. Defendants' unjustified killing of Mr. Bakewell deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Bakewell under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Plaintiffs, A.J.B., C.L.B., B.B., as the minor children of decedent have the right and standing to assert Mr. Bakewell's claim for his violation of his Fourth and Fourteenth Amendment rights.

55. Defendants' use of deadly force and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position was both excessive and unreasonable, especially because Mr. Bakewell posed no immediate threat of death or serious bodily injury at the time of the tasing and assault to the deputies, officers, or others.

56. Defendants' unlawful use of deadly force and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position caused Mr. Bakewell to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally

tased and assaulted by Defendants Mendocino County Sheriff's Sergeant SAMUEL LOGAN and Deputy JESUS LOPEZ, who were acting under the color of law and as employees of the Mendocino County Sheriff's Department. Defendants Mendocino County Sheriff's Sergeant SAMUEL LOGAN and Deputy JESUS LOPEZ and DOES 1-50, inclusive, integrally participated in or failed to intervene in the shooting.

57. Defendants Mendocino County Sheriff's Sergeant SAMUEL LOGAN and Deputy JESUS LOPEZ tasing, use of force, and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position violated their training, Post requirements and California and Federal law.

58. Defendants' unlawful use of deadly force caused Mr. Bakewell to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally tased and assaulted by Defendants Willits Police Department Officer DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 51-100, who were acting under the color of law and as employees of the Willits Police Department. Defendants DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 51-100, inclusive, integrally participated in or failed to intervene in the shooting.

59. Defendants DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY,'s tasing, use of force, and their use of excessive force and their body weight while Mr. Bakewell was handcuffed in the prone position violated their training, Post requirements and California and Federal law.

60. As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Mr. Bakewell was deprived of his liberty and life without warrant or justification.

61. As a result of their conduct, Defendants are liable for Mr. Bakewell's injuries either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent those violations.

62. As a direct and legal result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of his father, Mr. Bakewell's love, affection, society, support, and companionship for the remainder of his life.

63. Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

64. Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL are informed and believe and thereon alleges that the acts of the individual defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL with a conscious disregard of Plaintiffs' constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION

### Deprivation of Life Without Due Process-(42 U.S.C. § 1983)

### (On Behalf of all Plaintiffs Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)

65. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66. Plaintiffs bring this cause of action against SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY and DOES 1-100 in their individual capacities.

67. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY acted under color of state law within the course and scope of their duties as Mendocino County Sheriff's Department deputies and/or City of

Willits Police Officers when they wrongfully killed Mr. Bakewell who posed no imminent threat of danger to defendants or anyone else. Mr. Bakewell posed no threat when Defendants unjustifiably tased, used excessive force, and killed him.

68. Plaintiffs, A.J.B., C.L.B., and B.B., and Carolyn Bakewell have a cognizable interest under the Substantive Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution to be free from state actions that deprive their father and son, respectively, of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their relationships with Mr. Bakewell.

69. While engaging in excessive force by Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, and acting under color of state law, SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY tased and killed Mr. Bakewell thereby depriving him of his life without due process of law. Defendants' actions also caused Mr. Bakewell extreme pain and suffering, loss of life, earning capacity and his relationships with his family and friends. Plaintiffs, A.J.B., C.L.B., and B.B., and Carolyn Bakewell have thereby been deprived of their constitutional right of unwarranted state interference in their relationships with Mr. Bakewell's life.

70. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY's, and DOES 1-100's actions, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and DEFENDANTS acted with deliberate indifference to Plaintiffs' constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

71. As a legal result of their conduct, DEFENDANTS are liable for Mr. Bakewell's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

72. The claim against Defendant COUNTY, Defendants Mendocino Sheriffs DOES 1-50 is based upon Plaintiffs' allegations that COUNTY's policies, practices or

customs were a cause of the injuries suffered by Mr. Bakewell and Plaintiffs herein, and as set forth above, or it ratified the deadly force by its conduct after the shooting.

73. The claim against Defendant CITY, Defendants Willits Police Department DOES 51-100 are based upon Plaintiffs' allegations that CITY's policies, practices or customs were a cause of the injuries suffered by Mr. Bakewell and Plaintiffs herein, and as set forth above, or it ratified the deadly force by its conduct after the shooting.

74. As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Bakewell's love, affection, society, support, and companionship.

75. Plaintiffs seek reasonable attorney's fees pursuant to 42 USC § 1988.

76. Plaintiffs are informed and believe and thereon allege that the acts of the individual defendants were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of Plaintiffs' rights, welfare and safety of those of her spouse, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

77. Plaintiffs, A.J.B., C.L.B., and B.B., and Carolyn Bakewell bring this claim as the successors in interest to Mr. Bakewell and also seek attorneys' fees under this claim.

### THIRD CAUSE OF ACTION

**Interference with Parent-Child Relationship-(42 U.S.C. § 1983)**

**(On Behalf of all Plaintiffs Against Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100)**

51. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52. Plaintiffs bring this cause of action against Defendants Mendocino Sheriff's Department sergeant SAMUEL LOGAN, deputy JESUS LOPEZ, Willits Police

Department officers DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, and DOES 1-100 in their individual capacities.

53. By wrongfully killing Mr. Bakewell by tasing and killing him when he was unarmed, and posing no threat, Defendants deprived Plaintiff Carolyn Bakewell of her Fourteenth Amendment right to a familial relationship with Mr. Bakewell. Defendants acted with deliberate indifference to Plaintiff's rights and/or their unlawful conduct shocks the conscience.

54. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY's, and DOES 1-100's actions, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and DEFENDANTS acted with deliberate indifference to Plaintiffs' constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

55. Defendants' interference with the parent-child relationship caused Mr. Bakewell extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived Plaintiff Carolyn Bakewell of her life-long love, companionship, support, society, care, and sustenance of her son Mr. Bakewell, and she will continue to be so deprived for the remainder of her life.

56. As a result of their conduct, Defendants are liable for Mr. Bakewell's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

57. The claim against Defendant COUNTY and Mendocino County Sheriff's sergeant SAMUEL LOGAN, JESUS LOPEZ, and DOES 1-50, is based upon Plaintiff's allegations that COUNTY policies, practices or customs were a cause of the injuries suffered by Mr. Bakewell and Plaintiffs herein, as set forth above.

58. The claim against Defendant CITY and Willits Police Department officers DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 51-100, is based upon Plaintiff's allegations that CITY policies, practices or customs were a cause of the injuries suffered by Mr. Bakewell and Plaintiff herein, as set forth above.

59. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Bakewell's love, affection, society, support, and companionship.

60. Plaintiff seeks reasonable attorney's fees pursuant to 42 USC § 1988.

61. Plaintiff is informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of her son, justify the awarding of punitive and exemplary damages in an amount to be determined at time of trial. Plaintiff also seeks attorneys' fees under this claim.

## **FOURTH CAUSE OF ACTION**

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

**(Against COUNTY OF MENDOCINO, JESUS LOPEZ, SAMUEL LOGAN, CITY OF WILLITS, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

62. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY acted under color of state law and within the course and scope of their employment when they intentionally tased and asphyxiated and killed Decedent without there being an immediate threat of death or serious bodily injury, thereby using excessive and unreasonable force against Decedent, and Defendants CITY, COUNTY, and CITY Supervisor DOES, and COUNTY Supervisor DOES (hereinafter referred to as "CITY and COUNTY Supervisory DOES") acted under color of state law and within the course and scope of their employment by maintaining unconstitutional,

customs, practices, and policies. At all relevant times, the Defendant deputies and officers were not responding to a violent crime, there was no crime in progress when Defendant deputies and officers arrived, Decedent did not verbally threaten any person or deputy or officer and did not harm any person or deputy or officer.

64. Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the Defendants COUNTY, CITY, and CITY and COUNTY Supervisor DOES.

65. On information and belief, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiffs' or Decedent's rights.

66. Defendants CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, and CITY Supervisor DOES are the final policymakers for CITY and the police. Upon information and belief, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH,  CITY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to design and implement CITY Police Department policies and practices related to the use of force, tasing, asphyxiation, alternative uses of force, and the summoning of medical care.

67. Defendants SHERIFF MATT KENDALL and COUNTY Supervisor DOES are the final policymakers for COUNTY and the Mendocino County Sheriff's Department. Upon information and belief, SHERIFF MATT KENDALL and COUNTY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to design and implement COUNTY Sheriff's Department policies and practices related to the use of force, tasing, asphyxiation, alternative uses of force, and the summoning of medical care.

68. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to June 5, 2025 (and

continuing to the present date), Defendants COUNTY, CITY, and CITY and COUNTY Supervisory DOES, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of Defendant COUNTY, COUNTY policymakers, Defendant CITY, CITY policymakers, and CITY and COUNTY Supervisory DOES, together with other and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

a.   Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

b.   Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

c.   Using deadly force against a person suffering from a mental health crisis.

d.   Employing and retaining as deputies and officers, individuals such as Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY who upon information and belief, Defendants COUNTY, CITY, and DOES 1-100, at all material times herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force

e.   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY Deputies who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

f.   Inadequately supervising, training, controlling, assigning, and disciplining CITY Officers who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

g.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement deputies of the COUNTY.

h.    Maintaining grossly inadequately procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement officers of the CITY.

i.    Announcing that unjustified uses of force are "within policy," including shootings that were later determined in court to be unconstitutional.

j.    Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the Deputies and Officers involved.

k.    Failing to adequately discipline COUNTY and/or CITY law enforcement deputies and/or officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

l.    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which COUNTY Deputies and CITY Officers do not report other Deputies' and Officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another Deputy or Officer, while following the code, the Deputy or Officer being questioned will claim ignorance of the other Deputy or Officer's wrongdoing.

m.    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings including failing to discipline, retrain, investigate, terminate, and recommend deputies and officers for criminal prosecution who participate in shootings of unarmed people.

n.    Failing to promptly summon medical care for persons in police custody who are medically vulnerable and experiencing severe distress.

o.    Otherwise covering up police misconduct.

69.    On information and belief, the COUNTY has deficient policies with respect to the use of force, including deadly force. As a result of deficient polices, the Defendant Deputies handcuffed and tased Decedent while Decedent was experiencing a mental health crisis on an empty road, and while not an immediate threat of death or serious bodily injury, resulting in the injuries claimed in this lawsuit.

70.    On information and belief, the CITY has deficient policies with respect to the use of force, including deadly force. As a result of deficient polices, the Defendant Officers assaulted and battered Decedent while Decedent was experiencing a mental health crisis on an empty road, and while not an immediate threat of death or serious bodily injury, resulting in the injuries claimed in this lawsuit.

71.    Defendant COUNTY, CITY, CITY Supervisor DOES, and COUNTY Supervisor DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

72.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, CITY, CITY Supervisor DOES, and COUNTY Supervisor DOES, acted with intentional, reckless, and callous disregard for the Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants COUNTY, CITY, and Supervisory DOES, were affirmatively linked to and were a significantly influential force behind Decedent's and Plaintiffs' harm.

73. By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, Decedent endured substantial pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiffs have suffered the loss of their father and son and will continue to be deprived for the remainder of their lives.

74. The acts of each of Defendant CITY Supervisor DOES and COUNTY Supervisor DOES were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to Defendant CITY Supervisor DOES, and COUNTY Supervisor DOES.

75. On information and belief, the following are examples of cases where Mendocino County Sheriff's Department deputies and City of Willits Police Department officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicate that the COUNTY routinely ratifies such behavior, fails to train its Deputies, and maintains a practice of allowing such behavior:

a. In *Neuroth et al v. Mendocino County et al.*, Case No. 3:2015cv03226, Mendocino County Sheriff's deputies used excessive force to subdue Steven Neuroth while he was in the custody of the Mendocino County Sheriff's Department and City of Willits Police Department. The defendants left Mr. Neuroth on his stomach for an extended period of time and ignored his medical needs leading to his death. The COUNTY and CITY settled the matter and paid a substantial settlement Plaintiffs are informed and believe that the deputies and officers involved were not disciplined as a result of the incident.

b. In *Hart v. Mendocino County, et al.*, Case No. 25-cv-04501-RFL, Mendocino County Sheriff's deputies failed to summon medical care for Mr. Hart, who was suffering neurological distress, while he was in custody of the Mendocino County Sheriff's Department.

c.    On June 18, 2017, Mendocino County Sheriff's sergeant Zohair Zaied tased Travis Benevich while he was handcuffed and suffering mental distress. On information and belief, Mr. Zaied and three Mendocino County Sheriff's deputies were in the process of moving Mr. Benevich to a padded cell when Mr. Zaied tased Mr. Benevich twice within 40 seconds causing a seizure. Mr. Zaied was demoted to correction deputy, but his salary remained roughly the same. Upon information and belief, the three deputies who assisted Mr. Zaied were not disciplined as a result of their involvement in the incident. The COUNTY paid a substantial settlement prior to a lawsuit being filed.

76.    On multiple occasions, COUNTY, CITY, CITY Supervisor DOES, and COUNTY Supervisor DOES, have condoned, allowed and/or encouraged the use of excessive force and the violation of the constitutional rights by its deputies, including the use of excessive force.

77.    Because of the aforementioned practices, and customs of Defendants COUNTY, CITY, CITY Supervisor DOES, and COUNTY Supervisor DOES, Decedent was severely injured and subjected to pain and suffering and lost his life.

78.    Defendant COUNTY, CITY, CITY Supervisor DOES, and COUNTY Supervisor DOES are liable pursuant to *Monell* because they maintained condoned and/or permitted a custom and/or practice of conscious disregard of and/or deliberate indifference to Constitutional rights which was a moving force in the violation of Decedent's rights and/or because they ratified the actions of its employees by finding that their actions leading to the death of Decedent were in conformity with the COUNTY's and/or CITY's policy and by failing to discipline the involved Deputies, Officers, and employees.

79.    On information and belief, Defendant Deputies and Officers were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with Decedent's death.

80.    On information and belief, Defendants COUNTY and COUNTY Supervisor DOES failed to properly and adequately train Defendant Deputies, including but not limited to, with regard to the use of physical force, less than lethal force, and legal force.

The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force when responding to individuals exhibiting symptoms of a mental health crisis.

81.    On information and belief, Defendants CITY and CITY Supervisor DOES failed to properly and adequately train Defendant Officers, including but not limited to, with regard to the use of physical force, less than lethal force, and legal force. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force when responding to individuals exhibiting symptoms of a mental health crisis.

82.    Defendants COUNTY, CITY, and CITY and COUNTY Supervisor DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other similarly situated individuals.

83.    Upon information and belief, COUNTY of Mendocino and the Mendocino County Sheriff's Department investigated the shooting and concluded that the involved deputies acted according to policy. Upon information and belief, COUNTY Supervisor DOES approved and/or will approve of this conclusion.

84.    Upon information and belief, CITY of Willits and the Willits Police Department investigated the use of force and concluded that the involved officers acted according to policy. Upon information and belief, CITY Supervisor DOES approved and/or will approve of this conclusion.

85.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, CITY, Defendant Deputies, Defendant

Officers, and CITY and COUNTY Supervisor DOES acted with intentional, reckless, and callous disregard for the life of Decedent and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, and still tolerated by Defendants COUNTY and CITY were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

86. The actions of each of the Defendant CITY and COUNTY Supervisor DOES were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities and therefore warrants the imposition of exemplary and punitive damages as to Defendant CITY and COUNTY Supervisor DOES.

87. By reason of the aforementioned acts and omissions of Defendants COUNTY, CITY, and CITY and COUNTY Supervisor DOES, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and will continue to be so deprived for the remainder of their lives. Further, Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life, under this claim.

88. Accordingly, Defendants COUNTY, CITY, and CITY and COUNTY Supervisor DOES, each are liable for compensatory damages under 42 U.S.C. § 1983.

89. Plaintiffs bring this claim as successors-in-interest to Decedent and seek survival damages. Plaintiffs also week reasonable attorneys' fees and costs under this claim.

///

///

///

///

///

///

**<u>FIFTH CAUSE OF ACTION</u>**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(Against COUNTY OF MENDOCINO, SHERIFF MATT KENDALL, JESUS LOPEZ, SAMUEL LOGAN, CITY OF WILLITS, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

90. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

91. At all relevant times, Defendant Deputies, Officers, and DOES 1-100, inclusive, acted under color of law and within the course and scope of their employment with the COUNTY and/or CITY.

92. The acts of Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100 as described herein, deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, including when they intentionally tased and asphyxiated Decedent without justification, causing his death.

93. On information and belief, Defendants COUNTY and DOES 1-50 failed to properly and adequately train Defendant Deputies including with regard to the use of deadly force and the need to promptly summon medical care, especially with regard to a subject suffering a mental health crisis. The training policies of Defendants COUNTY DOES 1-50 were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

94. On information and belief, Defendant CITY and DOES 51-100 failed to properly and adequately train Defendant officers including with regard to the use of deadly force and the need to promptly summon medical care, especially with regard to a subject suffering a mental health crisis. The training policies of Defendants CITY and DOES 51-100 were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

95. On information and belief, the COUNTY failed to train deputies not to handcuff individuals and place them on their stomachs for an extended period of time causing asphyxiation. As a result of this deficient policy and deficient training, the deputy Defendants handcuffed Decedent and placed him on his stomach, resulting in the injuries claimed in this lawsuit.

96. On information and belief, the CITY failed to train officers not to handcuff individuals and place them on their stomachs for an extended period of time causing asphyxiation. As a result of this deficient policy and deficient training, the Defendants handcuffed Decedent and placed him on his stomach, resulting in the injuries claimed in this lawsuit.

97. The training policies of Defendants COUNTY, CITY, and DOES 1-100 were not adequate to train their deputies and officers to handle the usual and recurring situations with which they must deal, including promptly summoning medical care for persons in distress, de-escalation techniques, tactical communication, tactical positioning, and both the use of less than lethal and lethal force.

98. Defendants COUNTY, CITY, and DOES 1-100 were deliberately indifferent to the obvious consequences of their failure to train their Deputies and Officers adequately, including with respect to the use of force.

99. The failure of Defendants COUNTY, CITY, and DOES 1-100 to provide adequate training caused the deprivation of Plaintiffs' and Decedent's rights by Defendant deputies and officers; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' and Decedent's rights as to be the moving force that caused the ultimate injury.

100. Defendants CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, and CITY Supervisor DOES are the final policymakers for CITY and the police. Upon information and belief, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH,  CITY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to

design and implement CITY Police Department policies and practices related to the use of force, tasing, asphyxiation, alternative uses of force, and the summoning of medical care.

101. Defendants SHERIFF MATT KENDALL and COUNTY Supervisor DOES are the final policymakers for COUNTY and the Mendocino County Sheriff's Department. Upon information and belief, SHERIFF MATT KENDALL and COUNTY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to design and implement COUNTY Sheriff's Department policies and practices related to the use of force, tasing, asphyxiation, uses of alternative force, and the summoning of medical care.

102. The following are only a few examples of cases where the COUNTY and CITY failed to train its deputies and officers, and the involved deputies and officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that Defendant COUNTY failed to adequately train its Deputies, more specifically the failure to train with regard to the use of force, tasing, asphyxiation, alternative uses of force, and summoning of medical attention:

a. In *Neuroth et al v. Mendocino County et al.*, Case No. 3:2015cv03226, Mendocino County Sheriff's deputies used excessive force to subdue Steven Neuroth while he was in the custody of the Mendocino County Sheriff's Department and City of Willits Police Department. The defendants left Mr. Neuroth on his stomach for an extended period of time and ignored his medical needs leading to his death. The COUNTY and CITY settled the matter and paid a substantial settlement. Plaintiffs are informed and believe that the involved deputies and officers were not disciplined as a result of the incident.

b. In *Hart v. Mendocino County, et al.*, Case No. 25-cv-04501-RFL, Mendocino County Sheriff's deputies failed to summon medical care for Mr. Hart, who was suffering neurological distress, while he was in the custody of the Mendocino County Sheriff's Department.

c.      On June 18, 2017, Mendocino County Sheriff's sergeant Zohair Zaied tased Travis Benevich while he was handcuffed and suffering mental distress. On information and belief, Mr. Zaied and three Mendocino County Sheriff's deputies were in the process of moving Mr. Benevich to a padded cell when Mr. Zaied tased Mr. Benevich twice within 40 seconds causing a seizure. Mr. Zaied was demoted to correction deputy but his salary remained roughly the same. Upon information and belief, the three deputies who assisted Mr. Zaied were not disciplined as a result of their involvement in the incident. The COUNTY paid a substantial settlement.

103.   As a direct and proximate result of the aforementioned conduct, Decedent endured severe pain and suffering loss of enjoyment of life, and loss of life. Further, as a direct and proximate result of the aforementioned conduct, Plaintiffs endured the loss of their father and son, including being deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural life.

104.   Accordingly, Defendants COUNTY, CITY, and DOES 1-100, each are liable for compensatory damages under 42 U.S.C. § 1983.

105.   Plaintiffs bring this claim as successors-in-interest to Decedent and seek survival damages. Plaintiffs also week reasonable attorneys' fees and costs under this claim.

## SIXTH CAUSE OF ACTION

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### (Against COUNTY OF MENDOCINO, CITY OF WILLITS, and DOES 1-100)

106.   Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.   At all relevant times, Defendant DOES 1-50, inclusive, acted under color of law and within the course and scope of their employment with the COUNTY.

108.   At all relevant times, Defendant DOES 51-100, inclusive, acted under color of law and within the course and scope of their employment with the CITY.

109. At all relevant times, Defendant Sheriff Kendall, acted under color of law and within the course and scope of his employment with the COUNTY.

110. At all relevant times, Defendant Chief Fay, acted under color of law and within the course and scope of his employment with the CITY.

111. At all relevant times, Defendant Chief Parish, acted under color of law and within the course and scope of his employment with the CITY.

112. The acts of Defendant Deputies and Officers as described herein, deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, including when they intentionally handcuff Decedent and placed him facedown, on his stomach, without justification, causing his death.

113. Defendants CHIEF BRIAN FAY, CHIEF MICHAEL PARISH, and CITY Supervisor DOES are the final policymakers for CITY and the police. Upon information and belief, CHIEF BRIAN FAY, CHIEF MICHAEL PARISH,  CITY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to design and implement CITY Police Department policies and practices related to the use of force, tasing, asphyxiation, alternative uses of force, and the summoning of medical care.

114. Defendants SHERIFF MATT KENDALL and COUNTY Supervisor DOES are the final policymakers for COUNTY and the Mendocino County Sheriff's Department. Upon information and belief, SHERIFF MATT KENDALL and COUNTY Supervisor DOES are final policymakers with respect to the authorization of funding and related resources to design and implement COUNTY Sheriff's Department policies and practices related to the use of force, tasing, asphyxiation, alternative uses of force, and the summoning of medical care.

115. Upon information and belief, a final policymaker, including DOES 1-100, acting under color of law, has a history of ratifying the unconstitutional and unreasonable uses of force, including deadly force.

116. Upon information and belief, a final policymaker for the COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants SAMUEL LOGAN and JESUS LOPEZ and the bases for them, ratified the acts and omissions of Defendants SAMUEL LOGAN and JESUS LOPEZ and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the COUNTY Sheriff's deputies' asphyxiation of Decedent when he was not an immediate threat of death or serious bodily injury.

117. Upon information and belief, a final policymaker for the CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendants DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY and the bases for them, ratified the acts and omissions of Defendants DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the CITY Police officers' asphyxiation of Decedent when he was not an immediate threat of death or serious bodily injury.

118. On information and belief, the official policies with respect to the incident are that neither COUNTY Deputies nor CITY Officers are to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the Deputies, Officers, and/or others. The actions of the Deputies and Officers deviated from these official policies because Decedent did not pose an immediate threat of death or serious bodily injury to the involved Deputies, Officers, or anyone else.

119. Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of Defendant Deputies and Defendant Officers were "within policy" of their respective departments.

120. By reason of the aforementioned acts and omissions, Defendants COUNTY, CITY, and CITY and COUNTY Supervisor DOES are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

121.    Plaintiffs bring this claim as successors-in-interest to Decedent and seek survival damages. Plaintiffs also week reasonable attorneys' fees and costs under this claim.

## SEVENTH CAUSE OF ACTION

**Failure to Summon Medical Care, Fourth Amendment Violation (Survival Action - 42 U.S.C. § 1983)**

**(Against JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

122.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

123.    Claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to an apprehended suspect. Id. "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor*, 409 U.S. 386 (1989). 441 F.3d at 1098).

124.    Upon information and belief, on June 5, 2025, after it was clear that Decedent needed medical care, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, failed to summon immediate medical care.

125.    Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY were at the scene knew or should have known that Decedent was experiencing difficulty breathing, as evidenced by his reaction to his facedown position and the significant body weight and pressure applied on him. Nonetheless, SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE,

and DONOVAN SHIVLEY failed to cease applying pressure, failed to turn Decedent onto his back, and failed to summon timely medical assistance until it was too late.

126. Instead of immediately summoning or providing medical care to Decedent, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, placed Decedent in handcuffs and laid him face down on his stomach. Indeed, Defendants failed to promptly summon medical care, as evidence by their delayed response to Decedent's visible signs of distress and their continued application of pressure despite his clear indications of difficulty breathing.

127. Therefore, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, caused the death of Decedent. By virtue of their misconduct, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, are liable for Decedent's tragic death, either because these Defendants were integral participants in the failure to promptly summon medical care, or because they failed to intervene to prevent these violations. Accordingly, Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1988.

128. The conduct of Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, inclusive.

///
///
///
///
///

**EIGHTH CAUSE OF ACTION**

**Wrongful Death (Cal. Civ. Proc. Code § 377.60)**

**(Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

129.   Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

130.   Defendants SAMUEL LOGAN, JESUS LOPEZ, DAMIAN ANGELL, JOHN GALE, DONOVAN SHIVLEY, and DOES 1-100 killed Mr. Bakewell despite the absence of an imminent threat of death or physical injury to themselves or others.  Mr. Bakewell posed no threat to the officers' safety or to the safety of others.

131.   Because Plaintiffs A.J.B., C.L.B., and B.B. are the minor children of Mr. Bakewell, they are the proper persons to sue for his wrongful death under California state law.

132.   Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL assert wrongful death actions against all Defendants pursuant to C.C.P. §§ 377.60 *et seq.*  Per California Probate Code Section 6402 (b), Plaintiffs are, "… The issue[s] of the decedent…" This claim is based upon the fact that Defendants' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. Bakewell's death and the resulting damages to Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL.  As a result of their conduct, Defendants are liable for Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL's injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

133.   The civil rights violations alleged herein, as well as defendants' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.

134.   Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL are informed and believe and thereon allege that the acts of the individual Defendants were willful,

malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of his father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

135.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL suffered damages, including, without limitation, loss of earnings and earning capacity, support and benefits, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Bakewell's love, affection, society and companionship.

136.    Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL seek both survival and wrongful death damages and all other damages and remedies available under state law.

### NINTH CAUSE OF ACTION

**Assault and Battery**

**(On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

137.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

138.    Defendants Mendocino County Sheriff's Department sergeant SAMUEL LOGAN and JESUS LOPEZ, while working as deputies  for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally used unreasonable force against Mr. Bakewell, including but not limited to, tasing him multiple times when he posed no threat to the officers or anyone else.  Upon information and belief, Mr. Bakewell was tased multiple times, was handcuffed, and left on his stomach for an extended period of time. Defendants SAMUEL LOGAN and JESUS LOPEZ had no legal

justification for using deadly force against Mr. Bakewell as this use of force was unnecessary and unreasonable.

139.    Defendants Willits Police Department Officers DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used unreasonable force against Mr. Bakewell, including but not limited to, tasing him multiple times when he posed no threat to the officers or anyone else.  Upon information and belief, Mr. Bakewell was tased multiple times, handcuffed, and left on his stomach for an extended period of time.  Willits Police Department officers DAMIAN ANGELL, JOHN GALE, and DONOVAN SHIVLEY, had no legal justification for using deadly force against Mr. Bakewell as this use of force was unnecessary and unreasonable.

140.    Defendants' assault and battery caused Mr. Bakewell extreme pain and suffering, and loss of life and earning capacity.  Defendants' actions also deprived Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL, of the life-long love, companionship, support, society, care and he will continue to be so deprived for the remainder of their lives.

141.    As a direct and legal result of Defendants' acts and omissions, A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Bakewell's love, affection, society, support and companionship.

142.    Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

143.    As a result of their conduct, Defendants are liable for Mr. Bakewell's injuries, either because they were integral participants in the assault and battery, or because

they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

144.    Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL bring this claim as successors-in-interest to Mr. Bakewell and seek both survival and wrongful death damages under state law.

## TENTH CAUSE OF ACTION

### Negligence

**(On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)**

145.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

146.    Defendants owed a duty of care toward Mr. Bakewell and were required to use reasonable diligence to ensure that Mr. Bakewell was not harmed by Defendants' acts or omissions.  Defendants' actions and omissions were negligent and reckless, including but not limited to:

(a).  the failure to properly assess and/or supervise the need to detain, arrest, use force or deadly force against Mr. Bakewell;

(b).  the negligent tactics and handling of the situation with Mr. Bakewell, including pre-tasing and assault negligence;

(c). the negligent detention, arrest, use of force, including deadly force, against Mr. Bakewell;

(d). the failure to employ non-deadly alternatives and to exercise due care;

(e). the failure to properly train, supervise and discipline employees, including the individual Defendants;

(f). the failure to provide timely medical assistance to Mr. Bakewell;

(g). the failure to promptly turn over Mr. Bakewell after placing him in handcuffs; and

(h). the negligent hiring, retention and assignment of its employees, including the individual defendants.

147. Defendants' conduct caused Mr. Bakewell, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiffs A.J.B., C.L.B., B.B., and CAROLYN BAKEWELL of the life-long love, companionship, support, society, care, and sustenance of their father and they will continue to be so deprived for the remainder of their lives.

148. In addition, at the aforementioned date, time and place, the defendants negligently, carelessly and without reasonable care, touched and fatally battered Mr. Bakewell.

149. As a result of their conduct, Defendants are liable for Mr. Bakewell's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

150. Defendant COUNTY is vicariously liable under Government Code section 815.2 for the acts of its employees Defendants Mendocino County Sheriff's Department sergeant SAMUEL LOGAN, deputy JESUS LOPEZ, and DOES 1-50, committed in the course and scope of their employment with the COUNTY.

151. Defendant CITY is vicariously liable under Government Code section 815.2 for the acts of its employees Defendants Willits Police Department officers DOES 51-100, committed in the course and scope of their employment with the city.

152. Plaintiffs A.J.B., C.L.B., B.B, and CAROLYN BAKEWELL bring this claim as successors-in-interest to Mr. Bakewell and seek both survival and wrongful death damages under state law.

///

///

///

///

///

## ELEVENTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (On Behalf of all Plaintiffs Against COUNTY OF MENDOCINO, CITY OF WILLITS, JESUS LOPEZ, SAMUEL LOGAN, OFFICER DAMIAN ANGELL, OFFICER JOHN GALE, OFFICER DONOVAN SHIVLEY, and DOES 1-100)

153.    Plaintiffs A.J.B., C.L.B., and B.B repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

154.    As alleged herein, Defendants interfered by threats, intimidation, or coercion with Mr. Bakewell's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

155.    Defendants' conduct caused Mr. Bakewell extreme pain and suffering, and loss of life, earning capacity and his relationships with his parents, friends and family. Defendants' actions also deprived Plaintiffs A.J.B., C.L.B., B.B, and CAROLYN BAKEWELL of his life-long love, companionship, support, society, care, and they will continue to be so deprived for the remainder of their lives.

156.    As a result of their conduct, Defendants are liable for Mr. Bakewell's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

157.    As a direct and legal result of Defendants' acts and omissions, Plaintiffs A.J.B., C.L.B., B.B, and CAROLYN BAKEWELL suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and

burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Bakewell's love, affection, society and companionship.

158. Plaintiffs A.J.B., C.L.B., B.B, and CAROLYN BAKEWELL are informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

159. Plaintiffs seek reasonable attorney's fees pursuant to Californica Civil Code Section 52.1 (i).

160. Plaintiffs A.J.B., C.L.B., B.B, and CAROLYN BAKEWELL bring this claim as successors-in-interest to Mr. Bakewell and seeks both survival and wrongful death damages under state law. Plaintiffs also seek reasonable attorneys' fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

AS TO EACH OF THE ACTIONS AS APPLICABLE:

1. For General Damages according to proof;

2. For Special Damages according to proof;

3. For punitive Damages as provided by law, in an amount to be proved against each individual Defendants (not including COUNTY or CITY)

4. For Attorneys' Fees pursuant to statute and costs of suit;

5. For such other and further relief as the Court may deem proper.

6. For such other and further relief as the Court may deem just, proper, and appropriate.

///

///

///

- 42 -

Dated: June 22, 2026         **WEST COAST TRIAL LAWYERS**

**NAVAB LAW, APC**

By:        /S/ KAVEH NAVAB

          Kaveh Navab, Esq.

          Attorney for Plaintiffs